IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NORVELL TURNER, JR., | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00821 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| RUTHERFORD COUNTY ADULT DETENTION CENTER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Norvell Turner, Jr., a pretrial detainee at the Rutherford County Adult Detention Center ("Detention Center") in Murfreesboro, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2.) As explained below, the application will be granted, but upon initial review of the Complaint, Plaintiff fails to state a claim for relief at this time. To proceed in this case, Plaintiff must file an Amended Complaint by following the instructions at the end of this Order.

### I. APPLICATION TO PROCEED AS A PAUPER

Plaintiff's application to proceed as a pauper is accompanied by a certified copy of his inmate trust account statement, as required by statute. *See* 28 U.S.C. § 1915(a). These documents show that Plaintiff cannot pay the full filing fee in advance without undue hardship. (Doc. No. 2-1 at 1 (average monthly deposits of $155.35, average monthly balance of $7.20).) Accordingly, Plaintiff's application (Doc. No. 2) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to

[the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Rutherford County Adult Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470– 71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to

2

Case 3:22-cv-00821   Document 4   Filed 11/17/22   Page 2 of 5 PageID #: 27

allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). And because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the Complaint, Plaintiff has faced an ongoing problem receiving allergy-compliant meals since entering the Detention Center on June 11, 2022. (Doc. No. 1 at 6.) That day, Plaintiff informed medical staff of his peanut allergy, but that night, Plaintiff received a dinner comprised of a peanut butter sandwich, bologna sandwich, and cake wrapped together in plastic wrap, such that the entire meal was contaminated by exposure to peanuts. (*Id.*) The next day, Plaintiff filed a grievance on this issue. (*Id.*) On June 14, he received a response stating, "Your allergy is in the system." (*Id.*) On June 15, Plaintiff filed another grievance, noting that he was still receiving peanut butter sandwiches. (*Id.*) He received a response stating, "We will address the issue." (*Id.*) Plaintiff alerted the kitchen of his allergy, "put in a request" to stop sending peanut butter, and notified the kitchen of his prior grievances. (*Id.* at 7.) An officer told him to "speak to medical." (*Id.*) In August, Plaintiff's lawyer raised this issue with medical, but nothing changed. (*Id.*)

Plaintiff lists "Rutherford County" as the Defendant in the caption of the Complaint, while naming "Rutherford County Adult Detention Center" as the Defendant in the body of the Complaint. (Doc. No. 1 at 1–2.) The Detention Center, however, is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases). And to state a Section 1983 claim against a municipal entity like Rutherford County, Plaintiff must allege "(1)

3

that [he] suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Plaintiff makes no allegations of such a "policy or custom" here. Plaintiff, therefore, fails to state a claim at this time.

Rather than dismiss the case, the Court will allow Plaintiff an opportunity to file an Amended Complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

### III. INSTRUCTIONS TO PLAINTIFF

To proceed, Plaintiff **MUST** file an Amended Complaint with factual allegations that plausibly suggest an entitlement to relief against one or more Defendants. If Plaintiff wants to sue any individual staff members at the Detention Center, he must clearly list them as Defendants. The Amended Complaint must be written in a clear and concise manner, and it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding the Detention Center's alleged non-compliance with his food allergy restriction. The Amended Complaint will replace the prior complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:22-cv-00821**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

4

Case 3:22-cv-00821   Document 4   Filed 11/17/22   Page 4 of 5 PageID #: 29

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine if Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case for failure to state a claim.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE